O'BRIEN v. UNION FIRE COMPANY OF ST. LOUIS.

O'Brien
v.
Union Fire
Company.

Suits for the recovery of fines imposed for breaches of the by-laws of a private corporation, may be brought before justices of the peace, when the amount sued for is within their jurisdiction.

Appeal from the Circuit Court of St. Louis county, and thence transfered from the Court of Common Pleas.

### Manning for Appellant.

1. A justice of the peace has no jurisdiction in cases of breaches of a by-law passed by a *private* corporation, unless the law incorporating the same, *expressly* confer such jurisdiction.

2. That if there were no original jurisdiction in the justice of the peace, neither the circuit or common pleas could obtain jurisdiction over the case by the appeal.

3. That a want of jurisdiction over the subject matter may be set up under the general issue, or against a judgment or other proceeding of the case. 3 Mass. Rep. 124; Doug. 650, n. 132; 6 East. 583; 1 East. 352: vide cases cited in Chitty on Pleading, p. 476–7; 9 Cowen, 227; Rev. Laws, 1835, p. 348, secs. 2 and 5; Charter, art. —, sec. 1; Charter, sec. 5, p. —; By-law, secs. 8 and 9, p. —; refer to charter of St. Louis, 1835, sec. 32, p. 60; Ordinances, p. 201; 5 Cowen, 538; Rev. Laws, 1835, "Justices' Court, p. 348, secs. 2, 3, and 5; Charter, sec. 2; Charter of St. Louis, 1835, sec. 30 ;
"          "      1839,
"          "      1840.

### Polk & Callahan for Appellee.

The defendant below brings the case here, alleging that the action of the court of common pleas, in that behalf, involves error:

1. Because it was ill-timed, out of place, and inadequate to avert the effects of the encroachment of jurisdiction (if any) by the justice of the peace. 1 Chit. Plead. 478–9 ; 3 Blk. Com. 111; 11 Johns. Rep. 444.

2. Because it was incompetent for the court of common

pleas (or circuit court) *to dismiss an appeal*, regularly effected, from a justice of the peace, because of an encroachment of jurisdiction ; particularly upon a mere motion *by the appellee therein* made after the appeal shall have been taken. Mo. Rev. Stat. 1835, 370 ; "Ins. Co." art. 8, sec. 8 and 17 ; 5 Mo. Rep. 124 and 533; 4 Bibb, 416.

3. Because the case was properly cognizable before the justice of the peace. Mo. Rev. Stat. 1835, 340; "Ins. Co." art. 1, sec. 1; 1 and 2d par. of sec. 2, and also sec. 5; Ang. on Cor. 207 , s. 1, and 376, c. 17 ; 7 John. Rep. 357 ; Mo. Stat. D us. 1836, 172, "Union Fire Co." and p. 171, sec. 1, "Gen. Fire Co."

*MAY TERM.*
*1841.*

O'Brien
v.
Union Fire
Company.

### Opinion of the Court by Tompkins, Judge.

The fire company sued O'Brien before a justice of the peace and obtained judgment against him.

An appeal was taken to the circuit court where judgment being again given against him, O'Brien appeals to this court.

The demand of the fire company consisted of fines imposed on O'Brien, a member of said company, for breaches of its by-laws. It is admitted that the corporation had a right to make its own by-laws and to impose fines for the breach of such laws. But the jurisdiction of the justice of the peace is denied. Jurisdiction is given to justices of the peace in actions of debt, covenant, and assumpsit, and all other actions founded upon contract, &c. Vide section 2, art. 1st, of the act to establish justices' courts, p. 348 of the digest of 1835. The appellant, O'Brien, by becoming a member of that company impliedly assented or contracted to pay fines imposed on him under the authority of its by-laws. The judgment, then, of the court of common pleas ought in my opinion to be affirmed, and it accordingly is affirmed.

Suits for the recovery of fines imposed for breaches of the by-laws of a private corporation, may be bro't before justices of the peace, when the amount sued for is within their jurisdiction.